# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

DEUTSCHE BANK NAT'L TRUST CO.,

                              Plaintiffs,

v.                                               5:16-CV-1266 (TJM/ATB)

CHRISTINA BUSSONE, et al.,

                              Defendants.

CUSE HOLDINGS, LLC, c/o JOHN L. BUSSONE, Defendant pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a complaint, removed from the Supreme Court, Onondaga County by John L. Bussone, Jr., purportedly on behalf of defendant Cuse Holdings, LLC. ("Cuse Holdings") (Dkt. No. 1). Mr. Bussone has also filed an motion for leave to proceed in forma pauperis ("IFP") on behalf of Cuse Holdings. (Dkt. No. 3). For the following reasons, this court recommends that the action be sua sponte remanded to state court.

## DISCUSSION

**I.**    **IFP**

Mr. Bussone has filed a motion for IFP, "on behalf of" or "a/k/a" his company, Cuse Holdings, but he appears to have listed his own personal finances on the form. (Dkt. No. 3). Mr. Bussone has not been named as an individual defendant. Mr. Bussone states that he is the "single member owner" of the Limited Liability Corporation ("LLC"), known as Cuse Holdings. However, it is well-settled that a person who has not been admitted to practice law may not represent anyone other than

himself.¹ *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). *See also* 28 U.S.C. § 1654. In *Berrios v. N.Y. City Housing Authority*, 564 F.3d 130, 133 (2d Cir. 2009), the court made it clear that the rule prohibiting an entity from proceeding *pro se* applies to a corporation of which plaintiff or defendant is the sole shareholder; a limited liability company of which he is the sole member; a partnership of which he is a partner; a co-party in the litigation; an estate that has beneficiaries or creditors other than the lay litigant; or a minor child. *Id.* Courts have also disapproved any circumvention of this rule by the "procedural device" of assigning the corporation's claims to the lay individual. *See Sanchez v. Walentin*, No. 10-CV-7815, 2012 WL 336159 (S.D.N.Y. Jan. 31, 2012) (citing cases). In *Guest v. Hansen*, 603 F.3d at 20, the Second Circuit stated that the court has a responsibility to ensure appropriate representation for the parties appearing before it, even if those parties do not raise the issue.

Thus, regardless of whether Mr. Bussone is the "single member" of his LLC, he may not file a notice of removal or a motion for IFP on the company's behalf. Mr. Bussone is not an individual defendant,² and he does not appear to be an attorney, so he

---

¹ An limited exception exists if an individual appears for an estate in which there are no other beneficiaries or creditors. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). The exception is not applicable to this case.

² If he were an individual defendant, he could file a motion to proceed IFP on his own behalf, and Cuse Holdings would have to obtain counsel, because it is equally well-settled that a corporation may not appear pro se. *A.J. Rinella, Inc. v. Wohrle's Foods, Inc.*, No. 1:10-CV-700, 2012 WL 651860, at *2 & n.4 (N.D.N.Y. Feb. 28, 2012) (citing *New York State Teamsters Conference Pension and Ret. Fund v. Comac Builders Supply Corp.*, 5:06-CV-0208, 2008 WL 150515, at *1-4 (N.D.N.Y. Jan.14, 2008)).

has no standing to file anything in this court, and there is no basis for filing an IFP on his own behalf. The notice of removal was improperly filed, and the case cannot proceed in this posture.[3] Although the court would generally allow Mr. Bussone time to obtain counsel for the corporation, there are additional bases for remand of this action to state court that will moot any defect in the representation of defendant.

## II. Removal

### A. Legal Standards

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In order to effect removal of an action from state court, the defendant must file a "notice of removal," signed pursuant to Fed. R. Civ. P. 11, which contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

Section 1446(b) specifically provides that removal shall be filed "within 30 days after the receipt by the defendant, through service or process or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). Section 1446(a) also requires that the defendant attach to his notice of removal a copy of "all" process, pleadings, "and other papers served upon such defendant or defendants in such

---

[3] The court notes that the statue involving IFP applications also requires the court to consider financial criteria. However, because Mr. Bussone cannot file an IFP on behalf of his LLC in the first instance, there is no need to determine whether he personally meets the financial criteria to proceed without payment of fees.

3

action." Finally, when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

Statutory procedures are strictly construed, and any doubts are resolved against removal. *One West Bank, FSB v. Levine*, No. 16-CV-3126, 2016 WL 3512200, at *2 (E.D.N.Y. June 22, 2016) (citing *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.32d 112, 124 (2d Cir. 2007)). "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Id.* (quoting *Ulysse v. AAR Aircraft Component Services*, 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012)).

**B.     Application**

As stated above, Mr. Bussone has no authority to remove this action on behalf of defendant Cuse Holdings. The removal statute provides that a "defendant" may remove an action. 28 U.S.C. § 1441(a). Mr. Bussone is not a defendant, regardless of his claim that he is the sole member of defendant Cuse Holdings. The defendant must file the notice of removal. 28 U.S.C. § 1446(a). As stated above, Mr. Bussone may not represent Cuse Holdings, and may not file any documents on the company's behalf.

Mr. Bussone states that the "Defendant was served with the above referenced Complaint in 2013."[4] (Notice of Removal at 2). This notice of removal was filed on October 21, 2016, clearly long beyond the 30 day period prescribed in 28 U.S.C.

---

[4] The index number of the state court action is "2013-3430." (Notice of Removal at 2 & Ex. A) (Dkt. Nos. 1, 2).

§ 1446(b)(1). In addition, Mr. Bussone has not stated whether any of the other defendants have been served, and whether the other defendants, who have been served join or consent to the removal of the action, because the removal petition is signed only by Mr. Bussone, who is not a defendant.

A review of the state court complaint also shows that Mr. Bussone has failed to attach all the papers that were served upon the defendant Corporation or any of the other defendants. The state court complaint refers to Schedules A-D. (Complaint at 1-2) (Dkt. No. 2). Mr. Bussone has failed to attach any of the "Schedule" documents to the Notice of Removal. Thus, the Notice of Removal is procedurally deficient in many ways. In *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006), the Second Circuit held that a District Court may sua sponte remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal.[5] *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006), *cited in One West Bank, FSB, supra* at *2 (also citing *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993)).

Based upon the multitude of defects in this removal petition, this court recommends that the court remand this action sua sponte to the Supreme Court Onondaga County.

**WHEREFORE**, based on the findings above, it is

---

[5] The Congressional scheme "emphasizes the prompt return to the state court of cases improperly removed" as well as the prompt processing of cases in the federal court of cases that are not authorized to be remanded. *Mitskovski*, 435 F.3d at 131 (citing 28 U.S.C. § 1447(c) & (d)). The court may also remand sua sponte at any time if it determines that subject matter jurisdiction is lacking. 28 U.S.C. § 147(c).

**ORDERED**, that Mr. Bussone's application for IFP (Dkt. No. 3) is **DENIED**, because Mr. Bussone is not a defendant in this action, and it is

**RECOMMENDED**, that this action be **REMANDED SUA SPONTE** by this court pursuant to 28 U.S.C. § 1447(c) based on the defects discussed above, and it is

**RECOMMENDED,** that if the District Court adopts this Order and Report-Recommendation, the Clerk of the Court be directed to (1) mail a certified copy of the Remand Order to the Clerk of the Supreme Court of Onondaga County, pursuant to 28 U.S.C. § 1447(c); (2) close this case; and (3) serve notice of the entry of the Order pursuant to Fed. R. Civ. P. 77(d)(1) on all parties as provided in Fed. R. Civ. P. 5(b) and record such service on the docket. The Clerk is also directed to serve notice on Mr. Bussone.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 25, 2016

*Andrew T. Baxter*
Hon. Andrew T. Baxter
U.S. Magistrate Judge